UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAJAI JAMAR PRIDGETTE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 1:20-cv-00068-DCN<br>Criminal No. 1:13-cr-0281-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

The Court has before it Petitioner Lajai Jamar Pridgette's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Dkt. 1. The Government has filed its Response (Dkt. 6), and Pridgette has replied (Dkt. 7). Having reviewed the briefing and the record in this action, the Court DENIES the motion.

## II. BACKGROUND

In his underlying criminal case, Pridgette was charged with four counts. As relevant here, two of those counts were possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g), and transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. At trial, Pridgette contested most of the Government's case. But he stipulated that "on the date of [his] arrest for the crimes being tried . . . , [he] had previously been convicted of a crime punishable by imprisonment for a term exceeding one year." Dkt. 6-1, at 3. In closing argument, Pridgette's counsel reiterated that Pridgette had stipulated to the prior

MEMORANDUM DECISION AND ORDER - 1

conviction provision of the statute. *Id.* at 4–5.

A jury convicted Pridgette on all four counts. The Honorable Edward J. Lodge sentenced Pridgette to 137 months in prison. Pridgette appealed. On appeal, the Ninth Circuit vacated and remanded the sentencing order because the record did not include certain documents upon which the presentence report was based. *United States v. Pridgette*, 831 F.3d 1253, 1259 (9th Cir. 2016).

On remand, Judge Lodge sentenced Pridgette to 120 months in prison. Pridgette appealed again. This time, the Ninth Circuit affirmed the sentence. *United States v. Pridgette*, 771 F. App'x 382, 382 (9th Cir. 2019). In doing so, the court rejected Pridgette's contention that his prior conviction for assault with a deadly weapon, in violation of California Penal Code § 245(a)(1), was not a categorical crime of violence under the sentencing guidelines. *Id.* (citing *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065–68 (9th Cir. 2018)). The court also concluded that the district court did not abuse its discretion in sentencing Pridgette based on the applicable sentencing factors "and the totality of the circumstances, including the circumstances of the offense and Pridgette's lengthy criminal history." *Id.*

The time for further appeals has passed. Now, Pridgette timely challenges his convictions and sentencing calculation under § 2255.

### III. LEGAL STANDARD

**1. Standard for 28 U.S.C. § 2255 Motions**

Title 28 U.S.C. § 2255 provides four grounds on which a federal judge may grant relief to a federal prisoner who challenges the imposition or length of his or her custody:

(1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). A court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. If a court does not dismiss the proceeding, the court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required.

## IV. DISCUSSION

In the instant motion, Pridgette advances various grounds for relief, which the Court will address in turn. *See* Dkt. 1, at 9. Pridgette first claims that the evidence supporting his possession of a firearm by a prohibited person charge was insufficient. In particular, he points both to a lack of fingerprint evidence and to certain evidence related to the car where the gun was found. However, because this argument could have been, but was not raised on direct appeal, it is barred by the procedural-default rule.

"The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). "[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Id.* Said differently, "where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (cleaned up).

Pridgette has not shown cause for failing to raise the issue of the sufficiency of the evidence on appeal, actual prejudice, or that any other exceptions to the procedural-default rule are met. Therefore, the Court rejects this claim for relief.

Pridgette next argues that he did not know that he was prohibited from possessing a firearm, an element the Government was required to prove under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that a defendant may be convicted under 18 U.S.C. § 922(g) only if the government proves that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm"—here, individuals convicted of a crime punishable by more than one year of imprisonment. *Id.* at 2200. Since then, cases have emerged in which criminal defendants claim that the district courts committed error by not requiring proof of such knowledge.

Of these cases, those comparable to Pridgette's have been unsuccessful. For example, in *United States v. Benamor*, 937 F.3d 1182 (9th Cir. 2019), a stipulation like

Prigitte's stipulation to the underlying conviction provision of 18 U.S.C. § 922(g), "was binding, and it relieved the government of the burden to prove Defendant's status as a felon." *Id.* at 1188 (citing *Christian Legal Soc'y Chapter of Univ. of Cal. v. Martinez*, 561 U.S. 661, 677–78 (2010)). But, even assuming that the stipulation was not enough to prove the defendant's knowledge of his prohibited status, there was still no error because the defendant "had been convicted of seven felonies in California state court, including three felonies for which sentences of more than one year in prison were actually imposed on him" and one of which was a conviction for being a felon in possession of a firearm. *Id.* at 1189. More recently, in *United States v. Johnson*, 979 F.3d 632, 638–39 (9th Cir. 2020), the Ninth Circuit again rejected a similar claim of error. There, the court held that uncontroverted evidence that a defendant was sentenced to more than a year in prison precludes a defendant from satisfying a plain error claim "when challenging the district court's failure to require the government to prove that the defendant knew of his status as a convicted felon." *Id.*

These cases foreclose Pridgette's argument. To begin, Pridgette's stipulation ends the inquiry under *Benamor*. Regardless of any stipulation, however, the uncontroverted evidence of Pridgette's prior sentences conclusively undercuts Pridgette's argument as well. Pridgette's revised presentence report for his remanded sentencing (CR Dkt. 117),[1] lists multiple felony convictions, including a drug offense with a 16-month prison sentence and a three-year parole violation sentence (*Id.* ¶ 62), and a 3-year prison sentence for assault

---

[1] This citation refers to the docket in Pridgette's underlying criminal case.

MEMORANDUM DECISION AND ORDER - 5

with a deadly weapon involving great bodily injury (*Id.* ¶ 64).

In his Reply, Pridgette says that he did not stipulate to the prior conviction portion of the statute. However, this argument is swiftly put to rest by the record. It shows that he entered a stipulation that he "had previously been convicted of a crime punishable by imprisonment for a term exceeding one year," and his counsel highlighted this stipulation in closing argument. In short, Pridgette's argument under *Rehaif* does not provide a basis for § 2255 relief. *Cf. United States v. Lowe*, 2020 WL 2200852, at *2 (D. Nev. May 6, 2020) (determining that prejudice did not exist given the evidence of the defendant's prior convictions).

Pridgette next assails the evidence supporting his transportation of a stolen vehicle conviction, and he argues that one of the sentencing enhancements was not proven at trial. These claims are barred by the procedural-default rule as well. *See Massaro*, 538 U.S. at 504; *Bousley*, 523 at 622; *see also United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994) (explaining that the Ninth Circuit "follows the rule that nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255."). Again, Pridgette does not show cause or actual prejudice to support considering his arguments on habeas review. Indeed, he does not even address those issues. Moreover, Pridgette's 120-month sentence was upheld in Pridgette's second appeal. *Pridgette*, 771 F. App'x at 382.[2]

---

[2] In any event, Pridgette's reason for the enhancement not being proven is a lack of evidence of use of the firearm in connection with another felony offense. *See* U.S. Sent'g Guidelines Manual § 2K2.1(b)(6)(B) (U.S. Sent'g Comm'n 2011). Pridgette questions: "which felony?" The record answers: multiple felonies— (Continued)

Pridgette's last argument is a repeat argument. He again asserts that another one of the sentencing enhancements is unsupported because his prior conviction for assault with a deadly weapon is categorically not a crime of violence. This argument has already been litigated and rejected in Pridgette's second appeal, and therefore it cannot provide a basis for relief in this proceeding. *Id.*; *see also United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition.").[3]

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under § 2255, it must either issue or deny a certificate of appealability ("COA"). By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

---

possession of a counterfeit access device and possession of a counterfeit access device making equipment under 18 U.S.C. § 1029(a)(3)–(4), (c), and transportation of a stolen vehicle under 18 U.S.C. § 2312. *See* CR Dkt. 74. *United States v. Basnett*, 735 F.3d 1255, 1260 (10th Cir. 2013) (upholding the sentencing enhancement based on a stolen property conviction); *United States v. Thompson*, 820 F. Supp. 2d 763, 770–71 (S.D. W. Va. 2011) (applying the sentencing enhancement for counterfeit charges to which the defendant pled guilty).

[3] It appears that Pridgette also asserts an ineffective assistance of counsel claim on the issue of sentencing, but he has not identified how exactly his counsel performed deficiently or how the outcome would have been different had he received different counsel as required by *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. The Court notes that Pridgette's counsel previously secured a vacatur and remand of the sentencing order, which ultimately ended in a reduction from a 137-month sentence to 120-month sentence. This does not constitute ineffective assistance.

(2000). For the reasons set forth above, the Court concludes that Pridgette has failed to make any showing, let alone a substantial showing, of the denial of a constitutional right. Accordingly, the Court will not issue a COA.

If Pridgette wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id*. ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . . .").

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Pridgette's conviction or sentence at this time, or to conduct an evidentiary hearing on the same. Thus, the motion is denied.

## VII. ORDER

**IT IS ORDERED:**

1. Pridgette's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DENIED**.

2. No certificate of appealability shall issue.

3. If Pridgette files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order,

to the Ninth Circuit Court of Appeals.

4. The Court will issue a separate Judgment as required by Rule 58(a).

DATED: December 3, 2020

_____
David C. Nye
Chief U.S. District Court Judge